FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY 22  PM 1:45

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN IMAGING, L.L.C., AND<br>BRIAN FORNEA | CIVIL ACTION |
| VERSUS | NO. 06-7476 |
| TYNER LAW FIRM, P.A. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 2). For the reasons stated herein, **IT ORDERED** that the motion is **GRANTED** insofar as it seeks remand to state court. **IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that it seeks an award of costs and expenses, including attorney fees, pursuant to 28 U.S.C. §1447(c).

Plaintiffs filed their petition for damages against Defendant in Louisiana state court – the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana – on August 22, 2006. Thereafter, Plaintiff effected service upon Defendant, a Mississippi Professional Association, in accordance with the Louisiana Long-Arm Statute, La. R.S. 13:3204. Exhibit A to Plaintiff's motion to remand includes a United States certified mail receipt indicating that Defendant received Plaintiff's service copy of the state court citation and petition on September 5, 2006. Consistent with that mail receipt, Defendant's Notice of Removal (Rec. Doc. No. 1), which was filed with the Clerk

1

___ Fee_____
___ Process._____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

of Court for the United States District Court for the Eastern District of Louisiana, on October 6, 2006, likewise states that, "[o]n or about September 5, 2006, Defendant Tyner Law Firm, P.A., was served with a copy of the summons and complaint via U.S. Mail, Certified."

Plaintiff urges that this action should be remanded to state court because Defendant did not timely remove it within the thirty-day period set forth in 28 U.S.C. §1446(b). Citing Rules "5(b)(B)" and 6(e) of the Federal Rules of Civil Procedure, Defendant responds that it timely removed the action from state court because it mailed its Notice of Removal to Plaintiff, this Court, and the state court on October 4, 2006. Specifically, Defendant argues that its "service" of the Notice of Removal was complete upon mailing on October 4, 2006, and, in any event, a removal as of October 6, 2006 – "[t]he official date stamped on the Notice of Removal" – is "well within the rules."

Defendant's arguments are without merit. For removal to be timely, a notice of removal must be *filed* in federal district court within thirty days of the defendant's *receipt* of the initial pleading setting forth a removable claim. *See* 28 U.S.C. §1446(a) &(b). Here, there is no dispute that the state court citation and petition were *received* by Defendant on September 5, 2006, and that Defendant's Notice of Removal was not *filed* with this Court, as opposed to being *served*, until October 5, 2006. The additional time allowed by Rule 6(e) provides no assistance to Defendant as the act triggering the necessity of removal within thirty days was Defendant's receipt of the state court petition on September 5, 2006, and not service by mail. Furthermore, even if service by mail were the relevant event in this instance, the mailing of the state court petition and citation by Plaintiff

on September 1, 2006,[1] *not* Defendant's mailing of the Notice of Removal on October 4, 2006, would be implicated. Accordingly, Defendant's filing of the Notice of Removal on October 6, 2006, was outside the statutory time period. Thus, Plaintiff's motion to remand is granted.

Plaintiff also seeks an award of award of all costs and expenses, including reasonable attorney fees, pursuant to 28 U.S.C. §1447(c). The determination of whether such an award is warranted under this statute is one committed to the district court's discretion. *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In exercising this discretion, the district court considers whether the defendant had objectively reasonable grounds to believe its removal was legally proper. In this instance, the Court finds that Defendant did not have objectively reasonable grounds for believing its removal, on October 6, 2006, thirty-one days after its receipt of the state court citation and petition, to be timely. Nor did Defendant concede the issue upon reviewing the motion to remand filed by Plaintiff. Under these circumstance, the Court will require Defendant to reimburse Plaintiff for all costs and expenses, *including reasonable attorney's fees, incurred as a direct result* of Defendant's untimely removal of this action from state court.

**IT IS ORDERED** that this action is remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. **IT IS FURTHER ORDERED** that Plaintiff's request for an award of costs and expenses, including attorney fees, pursuant to 28 U.S.C. §1447(c),

---

[1] *See* Exhibit A to Plaintiff's Motion to Remand.

is **GRANTED.** Plaintiff shall submit a statement of such costs and expenses to the Court and counsel for Defendant within fourteen (14) days from the filing date of this Order and Reasons.

New Orleans, Louisiana, this 21st day of May 2007.

*[signature]*

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**